Gary Thomas WINTERS, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A04–9904–CR–182.

Court of Appeals of Indiana.

April 27, 2000.

David W. Lamont, Evansville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Gary Thomas Winters, Jr. appeals his convictions after a jury trial of incest, a Class B felony,[1] and child molesting, a Class C felony.[2] He raises four issues, which we restate as:

1. Whether the State presented sufficient evidence of penetration to sustain the conviction of incest;

2. Whether the State presented sufficient evidence to sustain the conviction of child molesting;

3. Whether the trial court erred in admitting Winters' confession into evidence; and

4. Whether the trial court abused its discretion in sentencing Winters to eight years on his conviction of child molesting.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Winters is the father of C.W., who was born on August 30, 1981. After Winters and his wife divorced, C.W. would visit her father and sometimes spend the night.

---

1. Ind.Code § 35–46–1–3.

2. Ind.Code § 35–42–4–3.

In June of 1997, C.W. told the Vanderburgh County Sheriff's Department that Winters had fondled her breasts and vagina in January of 1995. She also reported that sometime between May 1995 and January 1996, Winters had engaged in sexual intercourse with her. All of these events took place in Winters' home.

After taking C.W.'s report, the sheriff's department asked Winters to come to the police station. Prior to taping Winters' statement, Detective Thomas Wedding read Winters his *Miranda* rights and Winters signed a form acknowledging that he had been read his rights and that he understood them. Winters admitted that he had fondled C.W.'s breasts and vagina five times within the prior two years. He denied that he and C.W. had engaged in sexual intercourse.

At trial, after the State rested, Winters moved for judgment on the evidence as to the charge of incest, arguing that the State had failed to prove penetration. The trial court allowed the State to reopen its case over Winters' objection. C.W. then testified that Winters had engaged in sexual intercourse with her, and defined sexual intercourse as "when the male penis touches the vagina." (R. at 220.)

At the sentencing hearing, the trial court found as a mitigating circumstance that Winters had no criminal history. It found with regard to the child molesting conviction, however, that there were four aggravating factors: 1) the victim of the crime was his daughter; 2) Winters was in a position of trust with C.W.; 3) the nature and circumstances of the crime, and that Winters had fondled C.W. on numerous occasions; and 4) that Winters lacked remorse. The trial court then found that the aggravators outweighed the mitigator and sentenced Winters to the presumptive sentence of ten years for incest[3] and to an enhanced sentence of eight years for child molesting.

## DISCUSSION AND DECISION

### 1. *Penetration*

In order to convict Winters of incest, the State had to prove that Winters 1) had sexual intercourse 2) with his daughter 3) when he knew that she was his daughter. Ind.Code § 35-46-1-3(a). Sexual intercourse is defined as "an act that includes any penetration of the female sex organ by the male sex organ." Ind.Code § 35-41-1-26. Winters argues that C.W.'s testimony that he engaged in sexual intercourse with her, and her definition of sexual intercourse as being "when the male penis touches the vagina," (R. at 220) were insufficient to prove penetration. We disagree.

Indiana law does not require that the vagina be penetrated, only that the female sex organ be penetrated. *Thompson v. State*, 674 N.E.2d 1307, 1311 (Ind. 1996); *Short v. State*, 564 N.E.2d 553, 559 (Ind.Ct.App.1991). C.W.'s definition of intercourse as "when the male penis touches the vagina," (R. at 220), establishes the penetration, as it is necessary for the penis to first penetrate the vulva or labia before touching the vagina. *Short*, 564 N.E.2d at 559. This was sufficient evidence to sustain Winters' conviction of incest.[4]

### 2. *Child Molesting*

In order to prove that Winters committed child molesting the State had to prove that Winters 1) fondled 2) C.W.'s breasts and/or vagina 3) with intent to arouse or satisfy his or C.W.'s sexual desires 4) when C.W. was under fourteen years of age. Ind.Code § 35-42-4-3(b). Winters argues

---

3. On this count, the trial court found that a decreased sentence would depreciate the seriousness of the crime. Winters does not appeal this sentence.

4. Winters argued at trial that the trial court should not allow the State to reopen its case in order to elicit this additional testimony from C.W. In his brief, Winters notes his objections at trial but does not argue that the trial court abused its discretion by allowing the State to reopen its case.

that "[t]he record is devoid of any evidence from which a fact finder could reasonably conclude that Winters touched the breasts and vagina of [C.W.] in January of 1995 with the intent to arouse his sexual desires." (Br. of Appellant at 20.)

C.W. was born in August of 1981. She testified that she told the sheriff's department that her father had "sexually touched" her in January of 1995. (R. at 110.) She also testified that he fondled her breast and her vagina "[w]ith his hand, and I believe with his penis. . . ." (*Id.*) Winters confessed to fondling C.W. five times. This is sufficient evidence to show that Winters fondled C.W.'s breasts and vagina when she was under the age of fourteen.

 Further, C.W.'s testimony is sufficient to support a reasonable inference that Winters fondled her with the intent to arouse or satisfy sexual desires. The jury may infer that the touching did occur and that the intent did exist without a direct showing of both elements. *Pavey v. State*, 477 N.E.2d 957, 962 (Ind.Ct.App.1985). "The intent to arouse or satisfy sexual desires may be inferred from evidence that the accused intentionally touched a child's genitals." *Lockhart v. State*, 671 N.E.2d 893, 903 (Ind.Ct.App.1996). C.W.'s testimony, along with Winters' confession, allowed the jury to infer his intent.

 Finally, Winters argues that C.W.'s testimony was incredibly dubious. We may infringe upon the factfinder's credibility determination when confronted with "inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Lott v. State*, 690 N.E.2d 204, 208 (Ind.1997). C.W.'s testimony was not incredibly dubious, as it was partially corroborated by Winters' own testimony. Nor is C.W.'s testimony incredibly dubious merely because she cannot remember the specific dates on which the molestation occurred.

The evidence was sufficient to sustain Winters' conviction of child molesting.

### 3. Winters' Confession

Winters contends the trial court erred in denying his motions [5] to suppress his confession because the admission of the confession into evidence allowed into the record evidence of other uncharged molestations, and that because he was not charged with any incidents of child molesting between June 1995 and June 1997, there was no "corpus delicti." (Br. of Appellant at 21, 22.) [6]

 We find no error in the trial court's admission of the confession. Winters first contends [7] that the confession was inadmissible because it contained evidence of other uncharged molestations. The standard for assessing the admissibility of evidence of other crimes or acts under Indiana Evidence Rule 404(b) is: (1) the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than

5. Winters' first motion to suppress was premised on a possible variance between the time the interview began and the time the *Miranda* warnings were given. While Winters notes on appeal that this motion was made and denied, he does not argue that the denial of the motion was error. We thus do not address on appeal that motion to suppress.

6. In the Record, the hearing on Winters' motion to suppress is found in the middle of the State's direct examination of Detective Wedding. (R. at 144–68.) Further, following Winters' confession are statements from C.W. and Winters' ex-wife, along with a tape-recorded conversation between C.W. and Winters. We can only assume that Winters' confession was the only part of the tape played to the jury. It would have been much easier for this Court to review the Record had it been compiled in order.

7. Winters relies on *Sloan v. State*, 654 N.E.2d 797 (Ind.Ct.App.1995). We remind Winters that in *Hicks v. State*, 690 N.E.2d 215, 219 (Ind.1997), our supreme court explicitly declined to adopt the approach we took in *Sloan*. In its brief, the State does not mention either *Sloan* or *Hicks*, and does not appear to address, or even acknowledge, Winters' argument on this issue.

the defendant's propensity to commit the charged act; and (2) the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Hicks v. State*, 690 N.E.2d 215, 221 (Ind.1997). When inquiring into relevance, the court may consider any factor it would ordinarily consider under Rule 402. *Id.* These may include the similarity and proximity in time of the prior bad act to the charged conduct, and will presumably typically include tying the act to the defendant. *Id.*

Winters offers no argument that the admission of the statement was error except to mischaracterize the current status of the law by asserting that the trial court's action "would allow evidence into the record of other molestations of the victim and would be reversible error under [*Sloan* ]." (Br. of Appellant at 21.) Such evidence is, in fact, admissible in certain circumstances, *see, e.g., Cossel v. State*, 675 N.E.2d 355, 359 (Ind.Ct.App.1996). Because Winters has not shown that the evidence was admitted for an improper purpose or that he was prejudiced by its admission, we cannot say the trial court abused its discretion when it allowed the statement into evidence.

■ Finally, Winters argues that the State failed to prove the corpus delicti.[8] He argues that "Winters never admitted to sexual intercourse and the admission as to any fondling was five (5) to six (6) months after the charged crime. If there is no charged crime, there can be no proof that an injury or loss was suffered and that someone's criminality was the source of that loss." (Br. of Appellant at 22.)

■ Winters correctly notes that the State must establish a corpus delicti before a confession may be admitted into evidence. *Weida v. State*, 693 N.E.2d 598, 600 (Ind.Ct.App.1998), *reh'g denied, trans. denied*, 706 N.E.2d 165 (Ind.1998). However, the corpus delicti need not, as Winters appears to suggest, be established by

the confession itself. The corpus delicti may be established by independent evidence from which an inference may be drawn that a crime was committed. *Id.* The corpus delicti need not be established prior to admission of the confession so long as the totality of independent evidence presented at trial establishes it. *Morgan v. State*, 544 N.E.2d 143, 146 (Ind.1989). The corpus delicti may be established by circumstantial evidence. *Grey v. State*, 273 Ind. 439, 442, 404 N.E.2d 1348, 1350 (1980). Here, C.W.'s testimony established the corpus delicti before Winters' confession was admitted into evidence. We find no error in the admission of the confession into evidence.

#### 4. *Sentence Enhancement*

■ Winters was sentenced to eight years on his conviction of child molesting. He argues that the trial court enhanced his sentence by the use of improper aggravators. We disagree.

The trial court found that Winters' lack of a criminal record was a mitigating circumstance. The trial court then found as aggravating circumstances 1) that C.W. was Winters' daughter; 2) that Winters was in a position of trust with C.W. and that he violated that trust; 3) that the nature and circumstances of the crime involved an ongoing, continuous molestation; and 4) that Winters lacked remorse.

■ The State concedes that Winters' lack of remorse was an improper aggravator. (Br. of Appellee at 14.) However, even if one aggravating factor used by the trial court is improper, the sentence may still be valid where the other aggravating circumstances warrant the enhancement. *Widener v. State*, 659 N.E.2d 529, 533 (Ind.1995). We also note that a single aggravating factor is sufficient to support an enhanced sentence. *Thorne v. State*, 687 N.E.2d 604, 606 (Ind.Ct.App.1997), *trans. denied*, 698 N.E.2d 1190 (Ind.1998).

**8.** The State also declines to address in its brief this argument.

The nature and circumstances of the crime was by itself a sufficient aggravator to support the enhancement of Winters' sentence. *Guenther v. State*, 501 N.E.2d 1071, 1073 (Ind.1986). We find no error in the trial court's enhancement of Winters' sentence.

Affirmed.

BAKER, J., and BAILEY, J., concur.