**Gregory KIRK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0303–CR–108.

Court of Appeals of Indiana.

Oct. 24, 2003.

Rehearing Denied Jan. 8, 2004.

Robert D. King, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Gregory Kirk, Sr. ("Kirk") appeals his conviction of Sexual Misconduct with a Minor as a Class C felony.[1] We affirm.

### Issues

Kirk presents two issues for review, which we restate as:

I. Whether the trial court improperly restricted Kirk's cross-examination of the victim; and

II. Whether the evidence is sufficient to show Kirk's intent to arouse or satisfy sexual desires.

---

1. IND.CODE § 35–42–4–9(b)(1).

## Facts and Procedural History

On the evening of May 27, 2002, fourteen-year-old S.A. was at Kirk's home, playing video games with Kirk's son. S.A. and Kirk's son were sitting on the end of a sofa bed, in front of a television, while Kirk reclined on the sofa bed behind them. S.A. was wearing loose-fitting gym shorts and a tee shirt. Kirk eventually began to stroke S.A.'s left leg at the knee, gradually moving up her leg until he had slid his hand underneath her shorts and underwear and had touched her vagina. S.A. jumped up, but Kirk pulled her back down and grabbed her left breast, underneath her bra. S.A. then left the residence, accompanied by Kirk's son and her younger brother, who had also been at Kirk's home. As she was leaving, Kirk called after S.A., asking if she was going to tell anybody, but S.A. did not respond.

After returning home, S.A. told her father about the incident, and he spoke to Kirk on the telephone. S.A.'s father asked Kirk if he had been touching S.A. Kirk did not deny touching S.A., but said that if he did, he must have been drunk. After unsuccessfully attempting to confront Kirk at his home, S.A.'s father called the police.

Detective Kevin Shue ("Detective Shue") of the Indianapolis Police Department interviewed Kirk. In a taped statement, Kirk told Detective Shue "that he blacked out and fondled [S.A.]" and that "he didn't think she would fabricate something like this." Tr. at 85. Kirk also told Detective Shue that he must have been drunk and that he felt like he owed S.A. an apology.

The State charged Kirk with Sexual Misconduct with a Minor, as a Class C felony, and Sexual Battery,[2] as a Class D felony. Prior to trial, the trial court granted the State's oral motion in limine precluding Kirk from questioning S.A. regarding a time when she allegedly asked Kirk to lie for her. In particular, Kirk alleged that S.A. had been suspended from school and wanted Kirk to call and impersonate her father in order to gain re-admittance. Kirk refused the alleged request and asserted that "there was animosity or ill feeling between the two" and "motivation ... for retribution against him for having refused" the request. Id. at 12. In granting the motion, the trial court reasoned that "the law ... does not allow testimony of specific instances [of untruthfulness]." Id.

After the State's case-in-chief, the trial court allowed Kirk to make an offer of proof regarding the matter. In doing so, Kirk first simply asked S.A. if she had been suspended from school in May of 2001. He then asked if she had ever been suspended from school and requested Kirk to call the school impersonating her father to gain re-admittance. S.A. answered "no" to both questions. Tr. at 99. Kirk offered no other evidence on the subject. The jury found Kirk guilty of Sexual Misconduct with a Minor and not guilty of Sexual Battery. This appeal followed.

## Discussion and Decision

### I. Restriction of the Right of Cross–Examination

#### A. Standard of Review

The admissibility of evidence lies within the sound discretion of the trial court and is reviewed only for an abuse of discretion. *Johnson v. State*, 710 N.E.2d 925, 927 (Ind. Ct.App.1999). "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *State v. Willits*, 773 N.E.2d 808, 811 (Ind.2002).

---

**2.** IND.CODE § 35–42–4–8(a).

A criminal defendant's Sixth Amendment right to confront witnesses is subject to the trial court's reasonable limitations in order to address concerns regarding harassment, prejudice, confusion, or interrogation on issues of only marginal relevance. *Standifer v. State*, 718 N.E.2d 1107, 1110 (Ind.1999). However, "this court will find an abuse of discretion when the trial court controls the scope of cross-examination to the extent that a restriction substantially affects the defendant's rights." *Zawacki v. State*, 753 N.E.2d 100, 102 (Ind.Ct.App.2001), *trans. denied.*

### B. Analysis

Kirk contends that the trial court improperly restricted his right to cross-examine S.A. on a matter which would have suggested that she had an ulterior motive for accusing him of sexual misconduct. A defendant's Sixth Amendment right of confrontation requires that the defendant be afforded an opportunity to conduct effective cross-examination of State witnesses to test their believability. *State v. Walton*, 715 N.E.2d 824, 827 (Ind. 1999). Further, Indiana Evidence Rule 616 provides that, "[f]or the purpose of attacking the credibility of a witness, evidence of bias, prejudice, or interest of the witness for or against any party to the case is admissible." As this Court has recognized, evidence of bias, prejudice, or ulterior motives, on the part of a witness, is relevant at trial because it may discredit the witness or affect the weight of the witness's testimony. *Zawacki*, 753 N.E.2d at 102.

Kirk intended to use evidence of his refusal to lie for S.A. as evidence that S.A. was biased against Kirk and that her accusations arose from her desire for revenge. The expected testimony was relevant to S.A.'s partiality and was a proper subject to explore at trial. *See Standifer*, 718 N.E.2d at 1110 ("the partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony") (quoting *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)).[3] If Kirk's offer of proof had actually produced evidence indicating that S.A. had an ulterior motive in making her accusations against Kirk, then the trial court's restriction on his cross-examination would have been erroneous; however, Kirk's offer of proof failed to advance its stated purpose.

An offer of proof is an "offer" from counsel showing what a witness would say if allowed to testify. *Bradford v. State*, 675 N.E.2d 296, 301 (Ind.1996). Its purpose is to preserve for appeal the trial court's allegedly erroneous exclusion of evidence. *Id.* at 302. " 'An offer of proof must be certain and must definitely state the facts sought to be proved, and must show the materiality, competency, and relevancy of the evidence offered.' " *Tope v. State*, 266 Ind. 239, 247, 362 N.E.2d 137, 142 (Ind.1977) (quoting 28 I.L.E. Trial § 45 at 44 (1960)). Here, Kirk's offer of proof consisted of S.A.'s uncontroverted testimony that she had never been suspended from school and had never asked Kirk to impersonate her father in order to regain her admittance to school. Since Kirk never offered any testi-

---

3. The trial court appears to have based its decision to restrict Kirk's cross-examination on the basis of Indiana Evidence Rule 608(b), which provides, in relevant part: "For the purpose of attacking or supporting the witness's credibility, other than conviction of a crime as provided in Rule 609, specific in-

stances may not be inquired into or proven by extrinsic evidence." However, our supreme court has noted that " 'evidentiary constraints must sometimes yield to a defendant's right of cross-examination.' " *Walton*, 715 N.E.2d at 827 (quoting *Clinebell v. Commonwealth*, 235 Va. 319, 368 S.E.2d 263, 266 (1988)).

mony or evidence to contradict S.A.'s testimony, the offer of proof itself does not show bias or prejudice. Accordingly, Kirk has not demonstrated that he was prejudiced by the restriction on the scope of cross-examination and, thus, he has shown no reversible error.

## II. Sufficient Evidence of Intent

### A. Standard of Review

When reviewing claims regarding the sufficiency of evidence, this Court neither reweighs the evidence nor judges witness credibility. *Nantz v. State*, 740 N.E.2d 1276, 1279 (Ind.Ct.App.2001), *trans. denied*. We consider only the evidence supporting the verdict and all reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a jury could find guilt beyond a reasonable doubt, we will affirm the conviction. *Id.*

### B. Analysis

To prove that Kirk committed Sexual Misconduct with a Minor, as a Class C felony, the State was required to show that: a) Kirk was at least twenty-one (21) years of age; b) S.A. was at least fourteen (14) but less than sixteen (16) years of age; c) Kirk had fondled or touched S.A.; and d) Kirk did so with the intent to arouse or satisfy his sexual desires. *See* IND.CODE § 35–42–4–9(b)(1); App. at 29–30. Kirk does not contest the first three elements. Rather, he asserts that there is an absence of proof that he acted with the required intent to arouse or satisfy his sexual desires. We disagree.

The intent element may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual consequences to which that conduct usually points. *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind.2000).

"[T]he intent to arouse or satisfy sexual desires may be inferred from evidence that the accused intentionally touched a child's genitals." *Lockhart v. State*, 671 N.E.2d 893, 903 (Ind.Ct.App.1996). Here, Kirk rubbed S.A.'s leg and touched her vagina. That conduct alone supports an inference that Kirk acted to arouse or satisfy his sexual desires. *See, e.g., Wise v. State*, 763 N.E.2d 472, 475 (Ind.Ct.App.2002) (finding intent because the defendant touched a minor's vagina while she was asleep on a couch), *trans. denied*. Kirk further touched S.A.'s breast under her bra. On this record, the jury could reasonably have found that the State proved intent beyond a reasonable doubt. *See Winters v. State*, 727 N.E.2d 758, 761 (Ind.Ct.App.2000). Kirk has not demonstrated insufficient evidentiary support for his conviction.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.