Larry D. SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A04–0904–CR–233.

Court of Appeals of Indiana.

Nov. 3, 2009.

James D. Crum, Coots Henke & Wheeler, P.C., Carmel, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Larry Smith appeals his conviction for Class C felony sexual misconduct with a minor. We affirm.

### Issue

Smith raises one issue, which we restate as whether there is sufficient evidence to support his conviction for sexual misconduct with a minor.

### Facts

On January 28, 2005, fourteen-year-old L.K. visited a friend, M.G., at M.G.'s grandmother's house. M.G.'s grandmother was married to Smith. L.K. and M.G. were playing games and listening to music on the computer when pornographic images began popping up on the computer. L.K. and M.G. asked Smith to fix the problem. Smith stood next to L.K., put one hand on her leg, and gradually moved his hand up to the inside of her thigh. Smith corrected the problem with the computer, and the girls continued playing games and listening to music. Pornographic images again started popping up, and the girls asked Smith to fix the problem. Smith again touched L.K.'s leg and inner thigh. That same night, while M.G. was in the bathroom, Smith sat next to L.K., put his arm around her, reached into the elastic waistband of her pants, and touched the bare skin of her stomach. Finally, the girls used the computer again, and more pornography popped up. While Smith was fixing the problem, he stood behind L.K., played with her bathing suit strap, and slightly pulled it down. L.K. reported the incident the next day.

On January 20, 2006, the State charged Smith with Class C felony child molesting and Class D felony possession of child pornography. The charging information was later amended to include a charge of Class C felony sexual misconduct with a minor instead of the Class C felony child molesting charge. Following a trial, a jury found Smith guilty of the sexual misconduct with a minor charge and not guilty of the child pornography charge. Smith now appeals his conviction.

### Analysis

Smith argues there is insufficient evidence to support his conviction. Upon a challenge to the sufficiency of evidence to support a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). We respect the jury's exclusive province to weigh conflicting evidence. *Id.* We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

To convict Smith of sexual misconduct with a minor as a Class C felony, the State was required to prove that he was at least twenty-one and that he, with a child at least fourteen years of age but less than sixteen years of age, performed or submitted to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person. Ind. Code § 35–42–4–9(b)(1). Smith argues, "there were no corresponding actions that would allow one to infer that the touchings were done with an intent to arouse or satisfy either's sexual desires." Appellant's Br. p. 4.

We disagree. L.K. testified that Smith twice, while closing pornographic images on the computer, touched her knee and gradually moved his hand to her inner thigh, "almost close to touching the personal area." Tr. p. 54. L.K. described the personal area as her vagina. Then, while sitting next to L.K. on a couch, Smith wrapped his arm around her and "put his hand on [her] stomach where the elastic part of [her] pants was so it was slightly inside [her] pants." Id. at 59. Smith touched L.K.'s bare skin. Finally, while closing pornographic pop-ups a third time, Smith stood behind her and played with her bathing suit strap, "slightly pulling it down." Id. at 62.

Even if Smith did not intend for the pornographic images to pop up, he does not dispute that he viewed them and touched L.K. The fact that Smith touched L.K.'s inner thigh twice and played with her bathing suit strap while closing pornographic pictures on the computer and touched her stomach inside the elastic waist band of her pajama pants is evidence from which the jury could infer that Smith was touching L.K. with the intent to arouse his sexual desires. There is suffi-

cient evidence to support Smith's conviction.

## Conclusion

The repeated touching and the location of the touches combined with the viewing of pornographic images is sufficient evidence from which the jury could infer Smith's intent. We affirm.

Affirmed.

NAJAM, J., concurs.

KIRSCH, J., dissents with opinion.

KIRSCH, Judge, dissenting.

The intent element necessary to prove sexual misconduct with a minor must typically be proved inferentially. From the actor's conduct, we infer the natural and usual consequences to which such conduct usually points. See Bowles v. State, 737 N.E.2d 1150, 1152 (Ind.2000). The requisite intent can be inferred from intentionally touching a child's genitals or breasts. Kirk v. State, 797 N.E.2d 837, 841 (Ind.Ct. App.2003). Sexual gestures and comments may also constitute sufficient evidence of intent. J.J.M. v. State, 779 N.E.2d 602, 606 (Ind.Ct.App.2002)

Here, there was no such touching, no such gesture, and no such comment. Rather, we have only the touching itself. Although as my colleagues note, the touching occurred while Smith was closing out sexually related material on the computer, he was closing out the material at the specific request of L.K. and M.G. As he was doing so, Smith touched L.K.'s leg, stomach and bathing suit strap. Such touching may have been intended by Smith to arouse or satisfy his sexual desires or those of L.K. It may have been intended to test L.K. or groom her for sexual contact. It may have been Smith's crude attempt to be affectionate or flirtatious. Or, it may have been an innocent, albeit inappropriate, display of affection. We do

not know. In the absence of legitimate inference, we can only speculate as to what Smith's intention was. I do not believe that speculation can constitute proof beyond a reasonable doubt. Accordingly, I respectfully dissent.