## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 23 2020, 9:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lawrence W. Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 23, 2020

Court of Appeals Case No.
20A-CR-10

Appeal from the
Lake Superior Court

The Honorable
Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-1806-F4-37

**Vaidik, Judge.**

# Case Summary

[1] Lawrence W. Williams appeals his conviction for Level 4 felony child molesting, arguing that the trial court made several erroneous evidentiary rulings. We disagree and affirm.

# Facts and Procedural History

[2] In June 2018, the State charged Williams with Level 4 felony child molesting, Level 5 felony criminal confinement, and Level 6 felony sexual battery, alleging that he had inappropriately touched his girlfriend's ten-year-old granddaughter, A.W. The case proceeded to a jury trial in October 2019. A.W. testified that the touching occurred while she and Williams were on Williams's bed watching TV one night in the house they shared with several other family members. She said that Williams started by rubbing her back, then rubbed her butt over her clothes, then rubbed her butt and touched her vagina under her clothes. A.W.'s mother testified that when Williams was confronted about A.W.'s allegations, he said, "[I]f I touched her inappropriately, I apologize." Tr. Vol. III p. 36. The State also presented evidence that Williams's DNA was present on the outside seat area of A.W.'s pants and on the outside back of A.W.'s shirt.

[3] The jury found Williams guilty on the child-molesting charge and not guilty on the criminal-confinement and sexual-battery charges. The court sentenced Williams to six-and-a-half years in the Department of Correction and one-and-a-half years on community corrections.

Williams now appeals.

# Discussion and Decision

## I. Constitutional Claims

Williams first argues that two of the trial court's evidentiary rulings violated his right of confrontation and right to testify under both the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution. We review alleged constitutional violations de novo. *Hall v. State*, 36 N.E.3d 459, 466 (Ind. 2015), *reh'g denied*.

### A. Right of Confrontation

During the cross-examination of A.W., Williams's attorney told the court that he wanted to ask A.W. about two instances of A.W. "lying on other people." Tr. Vol. III p. 108. Specifically, Williams's attorney said that A.W. would admit that she (1) falsely told her mother that A.W.'s older sister, A.B., "has begun to self-mutilate again," *id.* at 109, and (2) falsely reported that her mother's boyfriend had shot A.W.'s younger sister with a BB gun, *id.* Williams's attorney argued, "So we have this pattern of lying just to get people in trouble. And that's what I'm saying that occurred here. Her motive is to see how much attention she can get by telling a lie." *Id.* at 109-10. The State objected, and the trial court barred Williams from asking the questions.

Williams argues that the trial court's ruling violated his constitutional right of confrontation. Specifically, he contends that he had a constitutional right to

present evidence that A.W. had a motive to lie about him and that her prior accusations establish such a motive—namely, to get attention. *See* Appellant's Br. p. 15 ("A.W. had a motive to draw attention to herself by telling a lie."); *id.* at 16 ("the witness had made false accusations against her sister and her [mother's boyfriend] merely in an attempt to garner favor and to seek attention").

[8]     In response, the State notes that while a defendant's right to present a defense "is of the utmost importance, it is not absolute," and defendants generally must "comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Jacobs v. State*, 22 N.E.3d 1286, 1288 (Ind. 2015). The State argues that the evidence of A.W.'s prior accusations was inadmissible pursuant to the Indiana Rules of Evidence, specifically, Rule 608(b), which addresses evidence of a witness's character for truthfulness or untruthfulness. The rule provides, in relevant part, that specific instances of a witness's untruthful conduct may, in the trial court's discretion, be inquired into on cross-examination, but only "if they are probative of the character for truthfulness or untruthfulness of another witness whose character the witness being cross-examined has testified about." Ind. Evidence Rule 608(b). Here, Williams sought to ask A.W. about her own conduct, not the conduct of another witness.

[9]     In his reply brief, Williams does not dispute the State's argument that the evidence would not be admissible under Evidence Rule 608(b). Instead, he argues that even if it would not be, it was admissible under Evidence Rule 616.

That rule provides, "Evidence that a witness has a bias, prejudice, or interest for or against any party may be used to attack the credibility of the witness." Ind. Evidence Rule 616. But the fact that A.W. made accusations against her sister and her mother's boyfriend does not show that she has a bias, prejudice, or interest **against Williams**. At most, they show that she has (or had) a bias, prejudice, or interest against her sister and her mother's boyfriend. Therefore, the proffered evidence was not admissible under Rule 616. *Cf. Kirk v. State*, 797 N.E.2d 837 (Ind. Ct. App. 2003) (explaining that evidence that the victim was mad **at the defendant** and had a "desire for revenge" would be admissible under Rule 616), *reh'g denied*, *trans. denied*.

[10] Furthermore, Williams fails to cite anything in the record that supports his claim that A.W.'s reason for lying in those situations was to get attention for herself. In his offer of proof, Williams only said that A.W. would admit lying in those two instances. There was nothing in the offer of proof about A.W.'s **reasons** for lying. A.W. could have had any number of reasons for lying, many of which could have been specific to her sister and her mother's boyfriend.

[11] Williams has not convinced us that the trial court violated his constitutional right of confrontation by prohibiting him from asking A.W. about her prior accusations.

## B. Right to Testify

[12] At the end of the presentation of evidence, there was a discussion about whether Williams would testify. His attorney indicated that Williams wanted to

testify that A.W. was falsely accusing him of molesting her because her sister, A.B., had falsely accused "a teacher earlier during the year of acting -- of touching her inappropriately" and A.W. "seems to be following A.B.'s lie in the way that A.B. had lied on the teacher at school." Tr. Vol. IV pp. 111-12. The court ruled that Williams's proposed testimony was not relevant and could not be given, so Williams did not take the stand.

[13] Williams argues that the trial court's ruling violated his constitutional right to testify. His argument assumes that his proposed testimony was relevant. We agree with the trial court that it was not. Indiana Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The fact that **A.B.** falsely accused a teacher of touching her inappropriately, standing alone, has no tendency to prove that **A.W.** was falsely accusing Williams. Williams contends that A.W. was "mimicking" A.B.'s lie "[o]ut of envy for the attention A.B. received[.]" Appellant's Br. p. 19. But there is no evidence of how A.W. felt about the attention A.B. received for her false accusation, let alone that she was "envious" of it. That is pure speculation by Williams. Because there was nothing linking A.W.'s accusation against Williams to A.B.'s false accusation against her teacher, evidence of A.B.'s false accusation was not relevant to any issue in this case. While a defendant's right to present a defense is broad, it does not include the right to present irrelevant evidence. *See, e.g., Sanchez v. State*, 749 N.E.2d 509, 521 (Ind. 2001). As such, the trial court did not violate Williams's

constitutional right to testify by prohibiting him from testifying about A.B.'s false accusation.

# II. Interview of Williams

[14] Our resolution of Williams's second argument is fatal to his third and final argument. In a recorded interview with Officer Christopher Matonovich, Williams was asked why A.W. would accuse him of molesting her, and he raised the fact that A.W.'s sister had falsely accused her teacher of touching her inappropriately. When Officer Matonovich testified at trial, the prosecutor asked him about certain things Williams said during the interview but not about Williams's suggestion that A.W. was making a false accusation just like her sister did. On cross-examination, Williams argued that he should be allowed to ask Officer Matonovich about that part of the interview under the rule of completeness, Evidence Rule 106, which provides, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." The trial court barred Williams from doing so on the ground that the false accusation by A.W.'s sister was not relevant to A.W.'s accusation against Williams.

[15] Williams argues that the trial court's ruling was an abuse of discretion. But as we held above, the false accusation by A.W.'s sister was not relevant to this case. Williams himself acknowledges that Evidence Rule 106 does not allow the admission of irrelevant portions of a recorded statement. *Norton v. State*, 772

N.E.2d 1028, 1033 (Ind. Ct. App. 2002), *trans. denied*. Therefore, the trial court did not abuse its discretion by prohibiting Williams from asking Officer Matonovich about this part of the interview.

[16] Affirmed.

May, J., and Robb, J., concur.