Jack HARRIS, Appellant (Defendant
Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 179S32.

Supreme Court of Indiana.

Nov. 28, 1979.

Robert F. Hellmann, Terre Haute, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy, Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of armed robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979) and was sentenced to imprisonment for a term of twenty (20) years. His appeal presents the following issues:

(1) Whether the trial court erred when it overruled Defendant's motion for a mistrial predicated upon alleged prosecutorial misconduct during final argument.

(2) Whether the trial court erred in finding that aggravating circumstances justified the imposition of an additional ten (10) year term of imprisonment upon the base sentence for a class B felony.

### ISSUE I

During his rebuttal argument, the trial prosecutor, referring to Defendant, stated: "He's little bit too old of a man to deserve a break. I don't think it would be logical for you to conclude that this was his first mistake." Defense counsel moved for a mistrial. Following a hearing upon that motion held outside the presence of the jury, the motion was overruled. The trial court then admonished the jury as follows:

"Ladies and gentlemen of the jury. I instruct and admonish you that you may not consider the following statement made by the Prosecutor, to wit: 'He's a little bit too old of a man to deserve a break. I don't think it would be illogical [sic] to conclude that this was his first mis-step or mistake.' I further instruct you that it would not be logical to conclude that he has prior mis-steps or mistakes and I further order said statement made by the Prosecutor struck from the record and further instruct that you may

not consider that in arriving at your verdict in this case. I will now further instruct you as to the law is [sic] is applicable to this case."

At trial the defendant did not testify nor otherwise place his character in issue. He contends that the deputy prosecutor's comment constituted an improper attempt to place his criminal history before the jury and argues that the remark was so prejudicial as to render an admonition ineffective.

■ A wilfull and unjustified attempt to place a defendant's criminal history before a jury may, under some circumstances, be grounds for a mistrial or reversal upon review. *See White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312. However, defendant's claim that the remark here "clearly pointed to prior criminal offenses" is doubtful. The comment, in context, is vague; there is no clear reference to Defendant's criminal history. Therefore, his reliance on *White, supra*, is misplaced.

■ The granting of a mistrial lies within the sound discretion of the trial court, and generally a mistrial will not be declared in the absence of circumstances which subject the defendant to "grave peril." *White v. State, supra.*

■ Here, the jury was admonished by the trial court, who was in the best position to judge the effect of the comment. While Defendant contends that the admonishment was insufficient, we find that it was adequate. The court twice instructed the jury that they were not to consider the statement and further admonished them that there was no basis upon which they could conclude that the defendant had made prior "mistakes."

The remark here is not to be condoned, as any plea for conviction should be based upon evidence introduced at trial and any reasonable inferences that may be drawn therefrom. *See Tyson v. State*, (1979) Ind., 386 N.E.2d 1185; *Adler v. State*, 242 Ind. 9, 175 N.E.2d 358. "[A]rgument of counsel should not invite the jury to consider matters not in evidence as a basis for their

decision." *Craig v. State*, (1977) 267 Ind. 359, 365, 370 N.E.2d 880, 883. Where the trial court adequately admonishes the jury, however, such admonishment is presumed to cure any error that may have occurred. *Ballard v. State*, (1974) 262 Ind. 482, 318 N.E.2d 798.

## ISSUE II

Defendant was convicted of a class B felony. Pursuant to Ind.Code § 35–50–2–5 (Burns Supp.1978),[1] he was sentenced to ten (10) years imprisonment, and the trial court imposed an additional ten (10) years upon its finding of aggravating circumstances. Defendant asserts that there was "no evidence to support" the trial court's finding that aggravating circumstances existed and therefore, the trial court erred when it increased his sentence by ten (10) years.

Ind.Code § 35–4.1–4–7 (Burns Supp.1978 § 35–8–1A–8) provides criteria for sentencing. That statute, in pertinent part, states:

"(a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.

\* \* \* \* \* \*

"(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five (65) years of age or older.

(6) The victim of the crime was mentally or physically infirm.

"(d) The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider in determining the sentence."

At Defendant's sentencing hearing, the trial court determined that there were no mitigating circumstances and stated the following as his reasons for imposing the additional ten (10) year term of imprisonment:

"Mr. Harris has a record of having served many, many, many years in prison and on the aggravating circumstances, Mr. Hellman, I find that your client was on parole, that he has a history of criminal activity, that he is in need of confinement and commitment to the penal facility. Four, I find that if I would reduce the sentence it would depreciate the seriousness of the crime. Five, that one of the victims in the surrounding area, persons in the close proximity to the act of the robbery while armed was over sixty-five. I don't know if either victim, under (6) was mentally or physically infirm; however, two women sixty years of age and older do not have the physical strenth (sic) of the general population. Most of all, Mr. Harris and Mr. Hellman, I find that you have a history of committing crimes, and I don't see where mitigating this particular sentence is going to reform you in any way \* \* \*."

On appeal, Defendant does not protest the trial court's finding that a reduced sentence would depreciate the seriousness of the crime.

At the sentencing hearing, a deputy prosecutor was permitted to testify over the defendant's hearsay objection that Estal Angstadt, who was present during the robbery, had told him that she was seventy-two

1. Ind.Code § 35–50–2–5 provides: "A person who commits a Class B felony shall be imprisoned for a fixed term of ten [10] years, with not more than ten [10] years added for aggravating circumstances or not more than four [4] years subtracted for mitigating circumstances; in addition he may be fined not more than ten thousand dollars [$10,000]."

(72) years old. Additionally, the trial court indicated that it would "take notice" that Mrs. Angstadt testified at trial regarding her age, although Defendant objected that there was no such testimony in the record.

On appeal, the defendant does not complain of the overruling of his hearsay objection nor does he argue that Ind.Code § 35–4.1–4–7 does not specifically permit the trial court to consider the age of a person in "close proximity" to the crime. He does, however, assert that Mrs. Angstadt did *not* testify at trial regarding her age and thus, that there was no evidence in the record that one "in close proximity to the act" was over sixty-five (65).

■ The record, however, reveals that Mrs. Angstadt indeed testified at trial that she was seventy-two (72) years old. Thus, the trial court's conclusion was supported by evidence presented at trial, and the trial court may properly consider such evidence when making its sentence determination. *See Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 518.

The State introduced certified copies of order book entries showing that Defendant had been convicted of theft in 1969 and robbery in 1949. Defendant asserts that the trial court should not have considered the 1949 conviction as it was "too remote." Initially, we note that his argument is not supported by any authority or argument as required by Ind.R.App.P. 8.3(A)(7).

The presentence report indicates that Defendant received a ten(10) to twenty-five (25) year term of imprisonment upon the 1949 conviction. He was not paroled until June 30, 1968, and he was then convicted of theft in 1969.

■ We do not know what weight the trial court gave to the 1949 conviction, inasmuch as it was but one of several of the aggravating factors noted. Obviously remoteness in point of time should be taken into account, but we will not say that remoteness in time, to whatever degree, renders a prior conviction irrelevant. "History of criminal activity," Ind.Code § 35–4.1–4–7(b)(2).

■ Defendant next contends that there was no evidence that he was in need of confinement or commitment to a penal facility. However, any evidence which supports a trial court's finding that a defendant was on parole or probation at the time of the crime, Ind.Code § 35–4.1–4–7(c)(1), or that he has a history of criminal activity, Ind.Code § 35–4.1–4–7(c)(2), is probative and relevant and supports a finding that he is in need of commitment or confinement. Here, the evidence of Defendant's criminal history was sufficient to support the trial court's finding that he was in need of commitment.

Defendant also claims that there was no evidence that he was on parole at the time the robbery was committed. In this he is correct. A search of the record reveals no evidence to support the prosecutor's bare assertion that Defendant was on parole. The trial court was in error when it found, as an aggravating circumstance, that Defendant was on parole.

■ Finally, Defendant argues that Ind. Code § 35–4.1–4–3 (Burns 1978 Supp. § 35–8–1A–3) provides no guidance upon which a trial court may rely when conducting a sentencing hearing. Therefore, he argues that he was "effectively denied a sentencing hearing." Defendant makes no persuasive argument here; he fails to demonstrate how the statute is deficient. He does not claim that he was denied the opportunity to present evidence, nor does he claim that the trial court failed to make a record as required by the statute. Thus, his claim is without merit.

. While it appears that the trial court improperly considered that the Defendant was on parole, given all the circumstances, we cannot say that Defendant's sentence is "manifestly unreasonable" under the Rules for Appellate Review of Sentences.[2]

2. The scope of review of sentences is defined by Rule 2 of the Rules of Appellate Review of Sentences. That Rule states: "The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender."

There is no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.