## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Mark K. Leeman
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jamie Joe Hardy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 22, 2015

Court of Appeals Case No.
09A02-1411-CR-797

Appeal from the Cass Superior
Court.
The Honorable Rick Maughmer,
Judge.
Cause No. 09D02-1208-FA-2

## Sullivan, Senior Judge

[1] Jamie Joe Hardy appeals from the trial court's sentencing order after pleading

guilty to one count of child molesting[1] as a Class C felony and one count of

---

[1] Ind. Code §35-42-4-3(b) (2007).

dissemination of matter harmful to minors[2] as a Class D felony. Hardy challenges the trial court's finding of certain aggravating factors, rejection of certain proffered mitigating factors, and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

[2] The factual basis supporting Hardy's guilty plea established that between August 1, 2011, and August 20, 2012, Hardy, who was born on June 14, 1978, placed the hand of his daughter, M.L.H., who was born on July 10, 2002, on his penis with the intent to satisfy Hardy's own sexual desires. In addition, between August 1, 2011, and August 20, 2012, Hardy intentionally showed his daughter, M.L.H., pornographic photographs of nude women depicted engaging in sexual activity.

[3] On August 22, 2012, the State charged Hardy with two counts of child molesting, each as a Class A felony, and one count of Class C felony child molesting. Later, on October 29, 2012, the State filed an additional charge of child molesting as a Class A felony. Next, on September 10, 2014, the State filed a count alleging dissemination of matter harmful to minors as a Class D felony. After plea negotiations, Hardy entered an open guilty plea to one count of Class C felony child molesting and one count of Class D felony dissemination of matter harmful to minors. In exchange, the State agreed to

---

[2] Ind. Code § 35-49-3-3 (2006).

dismiss three counts of Class A felony child molesting. On October 20, 2014, the trial court sentenced Hardy to eleven years executed in the Department of Correction. Hardy now appeals.

[4] Hardy argues that the trial court abused its discretion during sentencing by considering improper aggravating circumstances and by rejecting proffered mitigating circumstances. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006). When imposing a sentence for a felony, a trial court must enter a sentencing statement including reasonably detailed reasons for imposing a particular sentence. *Id.* at 490. A trial court abuses its discretion when it: 1) fails to issue any sentencing statement; 2) enters a sentencing statement that explains reasons for imposing a sentence, but the record does not support the reasons; 3) enters a sentencing statement that omits reasons clearly supported by the record and advanced for consideration; or 4) considers reasons that are improper as a matter of law. *Id.* at 490-91.

[5] First, Hardy argues that the trial court improperly found his criminal history to be an aggravating factor, contending that his four misdemeanor convictions were too remote in time and nature to be considered. "The chronological

remoteness of a defendant's prior criminal history should be taken into account." *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002) (citing *Harris v. State*, 272 Ind. 210, 396 N.E.2d 674, 677 (1979)). "However, 'we will not say that remoteness in time, to whatever degree, renders a prior conviction irrelevant.'" *Id.* "The remoteness of prior criminal history does not preclude the trial court from considering it as an aggravating circumstance." *Id.*

[6] Here, Hardy reported that had tried methamphetamine, cocaine, crack, and acid. He admits that "he uses marijuana as often as possible." Appellant's App. p. 169. Hardy's misdemeanor convictions consist of Class B misdemeanor criminal recklessness, Class C misdemeanor operating a vehicle with a controlled substance or its metabolite in his body, Class A misdemeanor criminal mischief, and Class B misdemeanor public intoxication. These convictions are different from the present offenses, and the most recent of those convictions occurred approximately thirteen years prior to the current offense. However, those convictions along with Hardy's admission of using illegal drugs—marijuana as often as he can—establishes a disregard for the law undeterred by those convictions. Therefore, while the most recent of Hardy's convictions for criminal conduct occurred thirteen years prior, he has continued to engage in criminal behavior, without it resulting in a conviction. Thus, the trial court properly found Hardy's criminal history to be an aggravating circumstance.

[7] To the extent Hardy is challenging the significance attributed to this particular aggravating factor, we decline the invitation to reweigh the aggravating and

mitigating circumstances. "The relative weight or value assignable to reasons properly found . . . is not subject to review for abuse." *Anglemyer*, 868 N.E.2d at 491.

[8] The trial court also found as an aggravating circumstance that Hardy, as the biological father of M.L.H., violated a position of trust with the victim. The trial court also noted the young age of the victim, less than twelve years old, at the time of the offenses. Hardy argues that those aggravating circumstances do not justify the imposition of his eleven-year sentence because his crimes were not the worst and he is not one of the worst offenders. In conjunction with that argument, Hardy argues that the trial court abused its discretion by rejecting his argument that the crimes were the result of circumstances unlikely to recur.

[9] "[B]eing in a position of trust with the victim is a valid aggravating circumstance." *Hart v. State*, 829 N.E.2d 541, 544 (Ind. Ct. App. 2005). "Abusing a position of trust is, by itself, a valid aggravator which supports the maximum enhancement of a sentence for child molesting." *Id.* "There is no greater position of trust than that of a parent to his own young child." *Id.* Further, M.L.H. was far younger than the age set forth as an element of the crime in the statute.

[10] Although Hardy did consent to a no-contact order with M.L.H. as part of his sentence, Hardy has other children, including a biological daughter younger than M.L.H., for whom he is obligated to pay child support. Further, the no-contact order does not deny Hardy access to children other than M.L.H. The

trial court did not abuse its discretion by finding the aggravating circumstance that Hardy had violated a position of trust, by noting the tender age of the victim, or by rejecting Hardy's contention that the crimes were the result of circumstances unlikely to recur.

[11]     Hardy also admitted to displaying pornographic materials to M.L.H., in particular, photographs of nude women engaged in what he described as "sexual activities." Plea Hrg Tr. pp. 15-16. On appeal, he contends that this offense is not the worst because the record does not establish that he showed M.L.H. images of "violent, non-consensual, or illegal images of sexual conduct." Appellant's Br. p. 11.

[12]     "In *Buchanan v. State*, 767 N.E.2d 967, 974 (Ind. 2002), our supreme court attempted to clarify the rule regarding the imposition of maximum sentences as follows: '[a]lthough maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment. But such classes encompass a considerable variety of offenses and offenders.'" *Spears v. State*, 811 N.E.2d 485, 491 (Ind. Ct. App. 2004). Given the tender age of the victim, and Hardy's violation of a position of trust with her, we cannot say that the trial court abused its discretion by selecting the sentence it chose.

[13]     Hardy further contends that the trial court abused its discretion by failing to find Hardy's plea agreement as a mitigating factor in this case. The record reveals that the trial court considered Hardy's guilty plea and acknowledged it. When

the trial court stated that it was considering the guilty plea neither a mitigating nor aggravating circumstance because it represented the benefit of the bargain, Hardy's counsel reminded the trial court that the parties had stipulated at the plea hearing that the trial court should not consider that three counts of child molesting, each charged as Class A felony, were being dismissed pursuant to the plea agreement.

[14] "Our supreme court has held, however, that trial courts should be 'inherently aware of the fact that a guilty plea is a mitigating circumstance.'" *Banks v. State*, 841 N.E.2d 654, 658 (Ind. Ct. App. 2006) (quoting *Francis v. State*, 817 N.E.2d 235, 237 n.2 (Ind. 2004)). *trans. denied*. Yet, a sentencing court is not required to place the same value on a mitigating circumstance as does the defendant. *Beason v. State*, 690 N.E.2d 277, 283-84 (Ind. 1998). A fair reading of the sentencing statement leads us to conclude that the trial court considered Hardy's guilty plea, but placed less value on it than argued by Hardy. Trial court error, if any, in failing to explicitly find Hardy's guilty plea to be a mitigating factor is harmless.

[15] Next, Hardy argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Although a trial court may have acted within its lawful discretion in imposing a sentence, article 7, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in

light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (quoting *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that the sentence is inappropriate. *Id.* "We may look to any factors appearing in the record to conduct the examination." *Schumann v. State*, 900 N.E.2d 495, 497 (Ind. Ct. App. 2009).

[16] For our purposes of review under Appellate Rule 7(B), we will first look to the advisory sentence to guide us in determining whether the sentence imposed is inappropriate given the nature of the offense and the character of the offender. The sentencing range for a Class C felony is a fixed term of between two years and eight years with the advisory sentence being four years. Ind. Code §35-50-2-6 (2005). The sentencing range for a Class D felony is a fixed term of between six months and three years with the advisory sentencing being one and one-half years. Ind. Code § 35-50-2-7 (2005). Here, Hardy received the maximum sentence for each conviction with the sentences to be served consecutively.

[17] Regarding the nature of the offense, Hardy showed pornographic photographs to his own ten-year-old daughter and made her place her hand on his penis. As for the character of the offender, Hardy has demonstrated that he has a disregard for the law, resulting in four misdemeanor convictions, and including the use of illegal drugs. He admits to using marijuana as often as possible. Further, he prioritized his own need for gratification over the well-being of his own daughter. Hardy has not met his burden of persuading us that his sentence

is inappropriate in light of the nature of the offense or the character of the offender.

[18] In light of the above, we affirm the trial court's decision.

[19] Affirmed.

Kirsch, J., and Bradford, J., concur.