Michael J. HART, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A04–0410–CR–531.

Court of Appeals of Indiana.

June 7, 2005.

but may not use the earlier statement to threaten or coerce the defendant into giving the subsequent statement).

Jeffrey G. Raff, Deputy Public Defender, Fort Wayne, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

KIRSCH, Chief J.

Michael J. Hart entered a guilty plea to three counts of child molesting,[1] as Class A felonies, and two counts of child exploitation,[2] as Class C felonies. Hart challenges the appropriateness of his sentence.[3]

We affirm Hart's sentences for the Class A felonies, vacate the sentence enhancements on the Class C felonies, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Between January 3, 2004, and February 4, 2004, Hart had sexual intercourse with and performed deviant sexual conduct on his four-year-old daughter, K.H., on several occasions. He created digital photographs of the acts and sent them over the Internet through a chat room. K.H.'s mother discovered the pictures on Hart's computer at their home on February 4, 2004, and reported it to the police. Hart pled guilty on July 19, 2004, the day before his trial was to begin. After the presentence investigation report was received, the court conducted a sentencing hearing where it heard evidence and argument. The court sentenced Hart to forty-five years each on the three child molesting charges, all to run concurrent to each other, and eight years each on the two child exploitation charges, each to run consecutive to the other and consecutive to the

sentence imposed on the first child molesting sentence, for a total of sixty-one years. Specific details about the mitigators and aggravators will be supplied where appropriate.

## DISCUSSION AND DECISION

■ Hart challenges the appropriateness of his sentence. We will not revise a sentence which is authorized by statute unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Kien v. State*, 782 N.E.2d 398, 416 (Ind.Ct. App.2003), *trans. denied.* A reviewing court, however, will remand for resentencing if we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances. *McCann v. State*, 749 N.E.2d 1116, 1121 (Ind.2001); *Groves v. State*, 787 N.E.2d 401, 408 (Ind.Ct.App.2003), *trans. denied.* Such abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997). In order to uphold an enhanced sentence, we must find that the trial court identified the relevant aggravating and mitigating factors, indicated the reason why each factor is aggravating or mitigating, balanced the aggravating and mitigating factors, and concluded that the aggravators outweigh the mitigators. *Simmons v. State*, 814 N.E.2d 670, 676 (Ind.Ct.App. 2004), *trans. denied.* The fact that one aggravating factor is improperly applied does not invalidate the sentence if other valid aggravators exist and the invalid ag-

---

1. *See* IC 35–42–4–3.

2. *See* IC 35–42–4–4.

3. Hart does not raise any issue that his sentencing was improper under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied.*

gravator did not play a significant role in the trial court's decision. *Newsome v. State*, 797 N.E.2d 293, 300 (Ind.Ct.App. 2003), *trans. denied* (2004).

At Hart's sentencing, the trial court identified three mitigating circumstances: 1) his guilty plea, 2) his lack of any criminal record, and 3) his expression of remorse. Hart's guilty plea was identified as a mitigator but was not given weight because it was entered on the day before the trial was to begin. His expression of remorse was not given any significance. His lack of any criminal record was identified as a significant mitigator.

The trial court also found three aggravators: 1) the victim was his daughter; thus, he violated the trust inherent in the relationship; 2) the nature of the crime, that is, the incidents giving rise to this action were not isolated events; and 3) the digital photographs which he put on the Internet would be there forever as a continuing threat of exposure for his daughter. The trial court concluded that all of the aggravators outweighed any mitigators.

Hart contends that the trial court erroneously identified elements of the offenses as aggravators. Furthermore, he asks this reviewing court to reweigh the proper aggravators and mitigators.

■ First, Hart contends that the trial court should not have considered the fact that the victim was his daughter because child molesting cases frequently involve a parent/child relationship. He asserts that the legislature was aware of this and created a statute which includes all children under the age of fourteen, regardless of the child's relationship to the perpetrator. *See* IC 35–42–4–3. However, being in a position of trust with the victim is a valid aggravating circumstance. *Watson v. State*, 784 N.E.2d 515, 523 (Ind.Ct.App. 2003) (citing *Bacher v. State*, 722 N.E.2d 799, 802 (Ind.2000)); *Winters v. State*, 727

N.E.2d 758, 762 (Ind.Ct.App.2000), *trans. denied*. Abusing a position of trust is, by itself, a valid aggravator which supports the maximum enhancement of a sentence for child molesting. *Singer v. State*, 674 N.E.2d 11, 14 (Ind.Ct.App.1996). There is no greater position of trust than that of a parent to his own young child.

■ Hart also argues that the nature and circumstances of the crime, especially the trial court's finding the charged crimes were not isolated incidents, is confirmed by his guilty pleas to several charges and is, therefore, not a proper aggravator. We disagree. That Hart molested his four-year-old daughter several times in a one-month period is a proper aggravator and that he stopped only because he was caught is also a proper aggravator. *See Winters*, 727 N.E.2d at 762–63 ("The nature and circumstances of the crime was by itself a sufficient aggravator to support the enhancement of [defendant's] sentence".). The trial court did not err in finding both position of trust and nature and circumstances of the crime to be valid aggravators of the child molesting charges. We assume the trial court weighed the complete lack of criminal record when it did not impose the maximum sentence.

■ Next, Hart argues that the trial court used an improper aggravator for the child exploitation charges. The trial court found that by putting the digitalized photographs on the Internet, Hart had placed them there forever and that his daughter would never be free of the fear that someone would find them. The court stated that this would have an impact on the victim that exceeded that normally expected from circulating photographs. Victim impact is an aggravating circumstance only if it is demonstrated that the crime had destructive impact not normally associated with the offense. *Pagan v. State*, 809 N.E.2d 915, 927 (Ind.Ct.App.2004), *trans.*

*denied.* IC 35–42–4–4(b) provides, in pertinent part, that

(1) [a] person who knowingly or intentionally ... creates a digitized image of any performance or incident that includes sexual conduct by a child under eighteen (18) years of age;

(2) disseminates, exhibits to another person, offers to disseminate or exhibit to another person, or sends or brings into Indiana for dissemination or exhibition matter that depicts or describes sexual conduct by a child under eighteen (18) years of age;

. . .

commits child exploitation, a Class C felony.

The statute clearly contains the words "digitized image." Digital imaging by its very nature allows for ready duplication and wide distribution. In adopting IC 35–42–4–4(b), our legislature was aware of the potential for harm arising from such digital image. We must, therefore, agree with Hart that the use of the dissemination over the Internet is an improper aggravator. Where the language of a statute is clear and plain, we are prohibited from interpreting it. *See Campbell v. State,* 716 N.E.2d 577, 579 (Ind.Ct.App.1999). Accordingly, the enhancement of the sentences for both of the child exploitation charges is improper.

Finally, Hart contends that the multiple enhancements make his sentence excessive. Because we find that the enhancements to the Class A felony child molesting charges are valid, we find that the trial court properly enhanced the sentence to forty-five years on each charge instead of the presumptive thirty years,[4] with all sentences to run concurrent with each other.

Finding that the enhancement to the Class C felony child exploitation charges

are improper, we agree that the sentences on those charges should be reduced to the presumptive four years on each charge.[5] *See Francis v. State,* 817 N.E.2d 235, 239 (Ind.2004).

Hart also challenges whether consecutive sentences are appropriate, contending only that the record is unclear as to whether the charged child molesting incidents are the same incidents that were photographed and disseminated for the charged child exploitation charges. Pursuant to IC 35–50–1–2, the trial court may order terms of imprisonment to be served consecutively. The basis for the gross impact that consecutive sentences may have is the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. *Mitchem v. State,* 685 N.E.2d 671, 680 (Ind.1997). The taking of the digital photographs and the disseminating of the digital photographs through the Internet are separate and distinct acts, and each of them is a separate and distinct act from the child molesting acts. Therefore, we find that appropriate sentence here is forty-five years executed for the three counts of child molesting, four years executed for the child exploitation charge based on taking the digital photographs, and four years executed for the child exploitation charge based on disseminating the photographs over the Internet, all to be served consecutive to each other for a total of fifty-three years.

Affirmed and remanded for entry of corrected sentence.

BAKER, J., and BARNES, J., concur.

4. *See* IC 35–50–2–4.

5. *See* IC 35–5–2–6.