**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 06 2012, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DAVID A. BOWE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 40A01-1108-CR-375 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE JENNINGS CIRCUIT COURT
The Honorable Jon W. Webster, Judge
Cause No. 40C01-0804-FC-113

**March 6, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant David A. Bowe appeals his eleven-year aggregate sentence that was imposed following his convictions for Burglary,[1] a class C felony and Theft,[2] a class D felony, arguing that his sentence is inappropriate in light of the nature of the offenses and his character. Finding that Bowe has failed to demonstrate that his sentence is inappropriate, we affirm the decision of the trial court.

FACTS

On January 13, 2008, Bowe broke into the Bon-a-Fide Screen Printing business in North Vernon and stole computer equipment, credit cards, checks, and sweatshirts. On January 18, 2008, a police officer observed Bowe and his son break into the old forge building in North Vernon and remove electric motor parts, control boxes, and various aluminum items from within the building. The police subsequently arrested Bowe. On April 23, 2008, the State charged Bowe with two counts of burglary as class C felonies, two counts of theft as class D felonies, and being a habitual offender.

On August 2, 2011, Bowe pleaded guilty to one count each of burglary and theft, and the State dismissed the remaining counts as well as a count under a separate cause number for what appears to be "unlawful possession of legend drug." Appellant's App. p. 33, 54. That same day, the trial court conducted a sentencing hearing. The State presented evidence via Bowe's presentence report that Bowe has ten felony and ten

---

[1] Ind. Code § 35-43-2-1

[2] I.C. § 35-43-4-2

misdemeanor convictions. More particularly, Bowe's criminal history prior to the instant offense consists of the following convictions:

| Date Entered | Conviction | |
|---|---|---|
| November 12, 1986 | Five counts: | Burglary, class B felony |
| December 23, 1987 | Two counts: | Burglary, class C felony |
| February 18, 1993 | One count: | Criminal Conversion, class A misdemeanor |
| April 8, 1993 | One count: | Criminal Trespass, class A misdemeanor |
| July 21, 1997 | One count: One count: | Burglary, class B felony Theft, class D felony |
| August 20, 1997 | One count: | Theft, class A misdemeanor |
| September 18, 2002 | One count | Public Intoxication, class B misdemeanor |
| November 25, 2003 | One count: | Driving with Suspended License, class A misdemeanor |
| November 18, 2004 | One count: | Driving with Suspended License, class A misdemeanor |
| December 28, 2005 | One count: | Possession of Marijuana, class A misdemeanor |
| December 7, 2006 | One count: | Resisting Law Enforcement, class A misdemeanor |
| May 14, 2007 | One count: | Possession of Paraphernalia, class A misdemeanor. |

Appellant's App. p. 51-53. Additionally, after committing the instant offense, Bowe was convicted of class C misdemeanor disorderly conduct and class C felony forgery. The

3

State also submitted a victim impact statement from the owner of Bon-a-Fide Screen Printing at the sentencing hearing. The owner stated that his business has been "taken away from [him]" because seven years of his design work was lost as a result of damage done to one of the stolen computers. Appellant's App. p. 62.

At the conclusion of the hearing, the trial court found Bowe's substantial criminal history and the impact his theft had on the victim as aggravating factors. It found Bowe's decision to plead guilty and his high school Graduation Equivalency Diploma as mitigating factors, but it determined that the mitigating factors did not outweigh the aggravating factors. The trial court sentenced Bowe to eight years in the Indiana Department of Correction (DOC) with one year suspended to probation for the burglary conviction and three years in the DOC, to run consecutively, with six months suspended to probation for the theft convictions. All together, the trial court sentenced Bowe to nine and one-half years executed in the DOC and one and a half-years probation. Bowe now appeals.

DECISION AND DISCUSSION

Bowe argues that his sentence is inappropriate in light of the nature of his offenses and his character.[3] Article VII, Sections 4 and 6 of the Indiana Constitution "'authorize[ ] independent appellate review and revision of a sentence imposed by the trial court.'" Anglemyer v. State, 868 N.E.2d, 482 491 (Ind. 2007) (quoting Childress v. State, 848

---

[3] Bowe also argues that "making him serve his entire sentence and not suspending time to probation was an abuse of discretion." Appellant's Br. p. 3. The trial court suspended one year of his sentence for burglary and six months of his sentence for theft to probation. Appellant's App. p. 35. Thus, contrary to Bowe's assertion, the trial court did not order that he execute his entire sentence.

4

N.E.2d 1073, 1080 (Ind. 2006)). Such appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that the "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making sentencing decisions. Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). It is the defendant's burden to demonstrate that his sentence is inappropriate. Childress, 848 N.E.2d at 1080.

Bowe pleaded guilty to a class C felony and a class D felony. "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6. "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years." I.C. § 35-50-2-7.

As to the nature of Bowe's offenses, the trial court specifically found that the theft had a "serious impact" on the owner of Bon-a-Fide Screen Printing. Appellant's App. p. 35. The trial court heard evidence that the theft caused the loss of seven years worth of the business's design work, appellant's app. p. 62-63, and we conclude that the trial court properly considered this as an aggravating factor when sentencing Bowe to more than the

5

advisory sentence. See Hart v. State, 829 N.E. 2d 541, 544 (Ind. Ct. App. 2005) (holding that an enhancement is appropriate due to impact on victim only if it is demonstrated that the crime had a destructive impact not normally associated with the offense).

As to the character of the offender, the trial court specifically observed Bowe's extensive criminal history as an aggravating factor. Tr. p. 44; Appellant's App. p. 35. Our Supreme Court has determined that the significance of a defendant's criminal history depends "on the gravity, nature and number of prior offenses as they relate to the current offense." Prickett v. State, 856 N.E.2d 1203, 1209 (Ind. 2006). Bowe has accumulated ten felonies and ten misdemeanors over a twenty-five year period; of those convictions, ten are related to the instant offenses in that eight were for burglary and two were for theft. Appellant's App. p. 51-53. His criminal record reflects a continued inability to conform to the law. Thus, we conclude that Bowe failed to show that the eleven-year aggregate sentence was inappropriate under Indiana Appellate Rule 7(B).

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.