**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 04 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN S. SHEARER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 92A04-1108-CR-405 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITLEY CIRCUIT COURT
The Honorable James R. Heuer, Judge
Cause No. 92C01-1102-FB-00016

**April 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Ryan Shearer appeals his advisory sentence of ten years, with two years suspended to probation, for Class B felony sexual misconduct with a minor. Ind. Code § 35-42-4-9 (2007). We affirm.

## ISSUES

Shearer raises two issues, which we restate as:

I.      Whether the trial court abused its discretion in sentencing Shearer.

II.     Whether Shearer's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

In February 2011, Shearer, who was twenty-two years old, was seeing fifteen-year-old M.H. without her family's knowledge. One night, Shearer picked up M.H. from her brother's home, drove her to Columbia City, and engaged in sexual acts with her.

The State charged Shearer with Class B felony sexual misconduct with a minor. Shearer pleaded guilty without the benefit of a plea agreement. At the sentencing hearing, the trial court identified the following aggravators: (1) his criminal history; (2) his history of substance abuse; (3) his sporadic employment history; and (4) the impact of his offense on M.H. In addition, the trial court identified the following mitigators: (1) his education; (2) his physical condition and mental health, which were affected by a car accident he was involved in when he was sixteen; and (3) his statement of remorse. The trial court found that Shearer "needs treatment" and that "the Department of Correction[] is the best option for that treatment." Tr. p. 10. The court imposed the advisory sentence of ten years, with two years suspended to probation. Shearer now appeals his sentence.

2

## DISCUSSION AND DECISION

## I. ABUSE OF DISCRETION

Shearer contends that the trial court abused its discretion in sentencing him. Specifically, he argues that the trial court improperly used his history of substance abuse, his sporadic employment history, and victim impact as aggravators and should have found his guilty plea as a mitigator.

Subject to the review and revision power discussed below, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court abuses its discretion when it: (1) fails to enter a sentencing statement; (2) enters a sentencing statement that includes reasons that are unsupported by the record; (3) enters a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; or (4) enters a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. If a trial court abuses its discretion in sentencing, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

Shearer argues that the record does not support the trial court's finding of substance abuse as an aggravator. Shearer was convicted of misdemeanor minor in

3

possession in 2008 when he binged on thirteen shots and two beers to self-medicate his depression. For that incident, he was ordered to obtain substance abuse counseling, which he completed only after the court was notified of his noncompliance and found him in contempt. The record also shows that Shearer has attempted to overdose at different times with various medications. Based on this evidence, the trial court did not abuse its discretion by finding his history of substance abuse as an aggravator.

Shearer next argues that sporadic employment is an improper aggravator and is, in any event, unsupported by the record. We agree that sporadic employment is an improper aggravator. In *Fredrick v. State*, 755 N.E.2d 1078 (Ind. 2001), the trial court found as one aggravator that the defendant was a drug dealer and not gainfully employed. On appeal, the defendant argued that his lack of employment was an improper aggravator. Our Supreme Court stated, "While lack of gainful employment alone is not an aggravating circumstance, we believe the trial court's language here indicates that it properly considered Defendant's drug dealing to be aggravating." *Id.* at 1084-85. The State highlights the Court's use of the word "alone" and asks us to construe *Fredrick* as permitting lack of employment as an aggravator when other aggravators exist. In *Fredrick*, however, our Supreme Court did not conclude that lack of employment was a proper aggravator. Instead, the Court concluded that although lack of gainful employment was not a proper aggravator, drug dealing was. Here, the trial court found Shearer's sporadic employment history to be a discrete aggravator. Pursuant to *Fredrick*, this was improper as a matter of law.

Shearer also argues that the record does not support the trial court's finding of victim impact as an aggravator. "Victim impact is an aggravating circumstance only if it is demonstrated that the crime had destructive impact not normally associated with the offense." *Hart v. State*, 829 N.E.2d 541, 544 (Ind. Ct. App. 2005). Shortly before sentencing, M.H. and her mother submitted letters expressing the emotional impact of Shearer's offense on M.H. and how it had taken a toll on M.H.'s relationships with family and friends. For a period of time, M.H.'s grades had fallen, she could not sleep, and she did not want to go to school. M.H. was in counseling, taking medication for anxiety and depression, and less trusting of people. While we recognize the terrible effects Shearer's offense has had on M.H., the record does not reveal a destructive impact not normally associated with Class B felony sexual misconduct with a minor. Nor does the State point to any. We therefore conclude that the trial court abused its discretion by finding victim impact as an aggravator. *See Smith v. State*, 770 N.E.2d 818, 821-22 (Ind. 2002) (impact on murder victim's three-year-old son improper aggravator because impact on family members accompanies almost every murder and trial court did not articulate how impact was any different from that normally associated with offense).

Shearer finally argues that the trial court should have found his guilty plea as a mitigator. A defendant who pleads guilty deserves some mitigating weight to be afforded to the plea. *Anglemyer*, 875 N.E.2d at 220 (citing *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007)). However, a trial court does not necessarily abuse its discretion by failing to recognize a defendant's guilty plea as a significant mitigating circumstance. *See id.* at 220-21. A guilty plea does not rise to the level of significant mitigation where the

5

defendant has received a substantial benefit from the plea or where the evidence against the defendant is such that the decision to plead guilty is more likely the result of pragmatism than acceptance of responsibility and remorse. *Id.* at 221. Here, Shearer did not receive a substantial benefit in return for his guilty plea. However, the police report, which was part of the probable cause affidavit, reflected Shearer's admission that he had intercourse with M.H., M.H.'s statement of his knowledge that she was fifteen and their discussion of her age the night of the offense, and the collection of forensic evidence at the scene. The case for the prosecution was strong. Shearer nonetheless argues that the jury could have refused to find him guilty because of his age and disability. Perhaps, but we are not persuaded. In light of the substantial evidence of Shearer's guilt, his decision to plead guilty was merely pragmatic. We conclude that the trial court did not abuse its discretion by failing to find Shearer's guilty plea as a mitigator.

The trial court abused its discretion by finding sporadic employment and victim impact as aggravators. We note, however, that Shearer was not given an enhanced sentence. Instead, the trial court imposed the advisory sentence of ten years, with two years suspended to probation. The proper aggravators and mitigators are adequate for an advisory sentence and certainly do not compel a reduced sentence. We are thus confident that the trial court would have imposed the same sentence had it not relied on sporadic employment and victim impact as aggravators.

## II. INAPPROPRIATE SENTENCE

Shearer next contends that his advisory sentence of ten years is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence,

6

Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

We first look to the statutory range established for the class of the offense. Shearer pleaded guilty to a Class B felony. The statutory range for a Class B felony is between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5 (2005). Although the trial court sentenced Shearer to the advisory sentence of ten years, two years were suspended to probation.

We next look to the nature of the offense and Shearer's character. As to the nature of the offense, twenty-two-year-old Shearer took fifteen-year-old M.H. from her brother's home without her family's knowledge, drove her to Columbia City, and engaged in sexual acts with her. Shearer argues that if M.H. had been just a little older, his conduct would not have been illegal. This is unpersuasive. Our legislature has set parameters on what constitutes Class B felony sexual misconduct with a minor, and the

fact that M.H.'s age was close to that parameter does not diminish the nature of the offense.

As to Shearer's character, we recognize that the car accident has affected his life: he has had multiple surgeries, has been diagnosed with post-traumatic stress disorder, has poor impulse control, and has reported attempting suicide over thirty times. We also acknowledge that he has a supportive family. Nevertheless, Shearer's character reflects a degree of lawlessness and disregard for others. His criminal history includes misdemeanor convictions for minor in possession, abandonment or neglect of an animal, and receiving stolen property. Shearer has also entered into a Deferred Prosecution Agreement for check deception and appeared for a violation of that agreement. The presentence investigation report shows that a pretrial conference had been scheduled for that matter. Evaluations from the Bowen Center indicate that Shearer has shot a neighbor's dog and exhibited violent behavior toward his goat on the 4-H fairgrounds. Shearer's driver's license has been suspended seven times, and he has thirteen convictions on his driving record. As indicated above, Shearer has some substance abuse issues. He has two children by two different women, and the presentence investigation report shows that Shearer was behind on his child support payments and had no source of income.

Shearer's accident has clearly had an impact on his life, but it does not excuse his conduct or his character. Shearer has failed to persuade us that his advisory sentence of ten years, with two years suspended to probation, is inappropriate.

## CONCLUSION

For the reasons stated, we affirm Shearer's ten-year sentence.

Affirmed.

DARDEN, J., and BARNES, J., concur.