## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2015, 5:33 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Todd A. Leek, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 21, 2015 <br><br> Court of Appeals Case No. <br> 02A03-1502-CR-52 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D04-1402-FA-11 |

**May, Judge.**

[1] Todd Leek was convicted of three counts of child molesting,[1] two as Class A felonies and one as a Class C felony. As the admission of certain evidence of prior bad acts was not fundamental error, the State presented sufficient evidence of Leek's age, and Leek's sentence was not inappropriate or an abuse of discretion, we affirm.

## Facts and Procedural History

[2] The facts favorable to the judgment are that Leek met J.J. in 2003 and they married in 2004. J.J. had five children, including B.L., who was four years old at the time. Leek adopted all five children. The family moved often during the next few years, sometimes in order to avoid investigation of physical abuse of one of the daughters. Leek was verbally and physically abusive toward J.J. When B.L was between five and eight Leek began inappropriately touching her sexually, and the inappropriate activity progressed over the next several years. B.L. did not immediately report the activity because she was afraid of Leek.

[3] In May 2013, J.J. and the children moved out. Shortly afterward B.L. described to her mother the inappropriate touching by Leek. B.L had made similar allegations once before, while the family was traveling. After the 2013 allegations an investigation was initiated, and in 2014 Leek was charged and convicted. Additional facts will be provided as necessary.

---

[1] Ind. Code § 35-42-4-3.

# Discussion and Decision

## *Admission of Character Evidence*

[4]     Ind. Evidence Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may "be admissible for other purposes, such as proof of motive." The law governing the admissibility of such evidence for "other purposes" requires a trial court to make three findings. First, the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act. Second, the court must determine that the proponent has sufficient proof that the person who allegedly committed the act did, in fact, commit the act. And third, the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Camm v. State*, 908 N.E.2d 215, 223 (Ind. 2009), *reh'g denied*. In other words, evidence is inadmissible under Rule 404(b) when its only apparent purpose is to prove that the defendant is someone who commits crime. *Wilson v. State*, 931 N.E.2d 914, 919-20 (Ind. Ct. App. 2010), *trans. denied*.

In October 2014, the State filed its "Second Amended Notice of Intent to Use 404B Evidence," (App. at 47-48), alleging Leek had a pattern of changing residences to avoid the involvement of law enforcement in response to allegations Leek had been physically abusive toward B.L.'s sister H.L., he had touched H.L. sexually, and he had offered H.L. money to take nude photos of herself. The State's Notice also indicated B.L. would testify Leek "had been

molesting her on a regular basis beginning prior to" a 2010 incident when Leek allegedly battered B.L.'s sister. (*Id.* at 47.)

The State said it was offering the 404(B) evidence to explain why B.L "did not disclose the abuse previously as well as allegedly contradictory statements made by the victim about the abuse, the nature of the relationship between the parties, the victim's state of mind, and [Leek's] guilty knowledge." (*Id.* at 48.) The trial court allowed use of the evidence at trial.

[5] Leek's trial counsel did not timely object to the character evidence Leek challenges on appeal. Failure to object at trial waives an issue on appeal unless the appellant can show fundamental error -- that is, "an error that ma[de] a fair trial impossible or constitute[d a] clearly blatant violation[ ] of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." *Knapp v. State*, 9 N.E.3d 1274, 1281 (Ind. 2014) (quoting *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009), *reh'g denied*), *cert. denied* __ U.S. __, 135 S. Ct. 978 (2015). That exception is extremely narrow and reaches only errors so blatant that the trial judge should have taken action *sua sponte*. *Id.* "In sum, fundamental error is a daunting standard that applies 'only in egregious circumstances.'" *Id.* (quoting *Brown v. State*, 799 N.E.2d 1064, 1068 (Ind. 2003)).

[6] We cannot find fundamental error. The challenged evidence was testimony "as to the history of the family's relocations, the reasons therefore [sic] and

unrelated acts of violence committed by Mr. Leek."[2] (Br. of Appellant at 14.) That evidence was offered to show why B.L. had been reluctant to report Leek's behavior, and it was evidence relevant to a matter at issue other than the defendant's propensity to commit the charged act, *i.e.*, the sexual molestation of B.L. *See Camm*, 908 N.E.2d at 223 (court must determine the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act). We cannot find fundamentally erroneous the trial court's determination the challenged evidence was relevant to show why B.L did not report Leek's actions sooner, and the challenged evidence did not show Leek's propensity to commit child molestation. We therefore do not reverse on the ground the State's 404(B) evidence should not have been admitted.

### *Proof of Leek's Age*

[7] When reviewing sufficiency of evidence to support a conviction, we do not reweigh evidence or reassess credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). We view the evidence and reasonable inferences drawn therefrom in a light most favorable to the conviction, and will affirm if there is substantial evidence of probative value to support each element of the

---

[2] As noted above, the State's notice also referred to evidence Leek had had touched B.L.'s sister sexually and offered her money to take nude photos of herself. It indicated B.L. would testify Leek "had been molesting her on a regular basis beginning prior to" a 2010 incident when Leek allegedly battered B.L.'s sister. (App.at 47.) On appeal, Leek does not address that evidence and we decline to address it *sua sponte*.

crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[8] To convict Leek of Class A felony child molesting the State had to prove Leek was over twenty-one years old when he committed the offense. Ind. Code § 35-42-4-3. It did. The trial court heard evidence in the form of testimony from B.L. that Leek was over twenty-one the entire time that he and B.L. lived in Fort Wayne, which is the same period during which the charged offenses took place. Leek concedes the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal, *Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999), and offers no explanation why B.L.'s testimony is outside that rule. We therefore may not reverse on the ground there was insufficient evidence of Leek's age.

## *Leek's Sentence*

[9] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Sandleben v. State*, 29 N.E.3d 126, 135 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court abuses its discretion if it does not issue a sentencing statement, gives reasons for imposing a sentence that are not supported by the record, omits reasons clearly supported by the record and advanced for consideration, or considers reasons that are improper as a matter of law. *Id.*

[10]     Leek contends the trial court gave too little weight to the fact he had no criminal history.  That was not an abuse of discretion.  A court is not required to give the same weight to a proffered mitigating factor as does the defendant.  *Sandleben*, 29 N.E.3d at 136.  The trial court acknowledged as a mitigator that Leek had no criminal history, but it declined to weigh that mitigator heavily.  The charging informations indicated only that Leek molested the victim between November 2012 and May 2013, but the trial court heard evidence similar conduct was ongoing over a ten-year period.  The trial court noted at sentencing that Leek's conduct "over the course of . . . this ten year period, has been abhorrent and despicable." (Sentencing Tr. at 21.)

[11]     Leek asserts, without explanation or citation to authority, that the trial court "should not have considered the full ten (10) year period of time which [sic] the abuse was alleged to have taken place." (Br. of Appellant at 22.)  To the extent Leek argues the imposition of consecutive sentences was an abuse of discretion because the trial court reviewed evidence of uncharged crimes and alleged bad acts, he is incorrect.  A trial court properly may consider evidence of prior criminal conduct that has not been reduced to conviction, as well as evidence of prior uncharged crimes, so long as such evidence was not gleaned from plea negotiations that did not result in a plea agreement that was accepted by the court.  *Hensley v. State*, 573 N.E.2d 913, 917 (Ind. Ct. App. 1991), *trans. denied*.  Such information may be relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime.  *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005).  *And see, e.g., Drakulich v. State*,

877 N.E.2d 525, 536 (Ind. Ct. App. 2007) ("[i]n regard to Drakulich's character, . . . his lack of criminal history is tempered by the fact that he was clearly not living a law-abiding life for a period of time"), *trans. denied*.

[12] The trial court found as aggravating circumstances Leek's "violation of the . . . position of trust over an extensive period of time," (Sent. Tr. at 21), and the "extraordinary impact" on the victim. *Id*. Being in a position of trust with the victim is a valid aggravating circumstance. *Hart v. State*, 829 N.E.2d 541, 544 (Ind. Ct. App. 2005). Leek asserts the trial court should not have considered the full ten-year period during which the abuse allegedly took place, but he offers no explanation why the duration of the position of trust affects the weight or validity of that aggravating circumstance. We decline to hold it does.

[13] Leek next argues the impact on the victim should not have been considered as an aggravator because normally "the impact of an offense is included in the presumptive sentence." (Br. of Appellant at 21.) Leek cites two decisions for that premise, but both address the effect of impact on the victim's *family*. In the case before us the sentencing judge was explicit that she was finding an aggravator in the form of "an extraordinary impact on this young lady," presumably B.L., (Sent. Tr. at 21), but Leek offers argument only about impact on the family. We are therefore unable to find error in the sentencing court's determination the impact on B.L. was an aggravator.

[14] Nor was Leek's sentence inappropriate. Indiana Appellate Rule 7(B) provides we "may revise a sentence authorized by statute if, after due consideration of

the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The nature of the offense is found in the details and circumstances of the commission of the offense. *Townsend v. State*, No. 02A03-1503-CR-90, 2015 WL 6777110, at *8 (Ind. Ct. App. 2015). The character of the offender is shown by the offender's life and conduct. *Id.* When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Id.* We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate. *Id.* Leek bears the burden to show that his sentence is inappropriate. *See id.*

[15] As to the nature of the offense, the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed. *Id.* Leek was convicted of two counts of child molesting as Class A felonies and one count as a Class C felony. The sentencing range for a class A felony is twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. The sentencing range for a Class C felony is two to eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. The trial court sentenced Leek to consecutive forty-year terms for the Class A felonies, and to a six-year term for the Class C felony, to be served concurrent with the other sentences.

[16] We cannot find Leek's sentence inappropriate based on the nature of his offense. Leek molested B.L. in a number of ways over a long period of time and violated his position of trust with her. We cannot find his sentence inappropriate in light of his offense. *See, e.g., Mastin v. State*, 966 N.E.2d 197,

203 (Ind. Ct. App. 2012) (aggregate ninety-year sentence not inappropriate when Mastin violated a position of trust with his biological daughter, warned her not to tell anyone about their "secret games," and molested her for about two years), *trans. denied*.

[17] Nor was Leek's sentence inappropriate based on his character. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). As explained above, Leek has no criminal record but there was ample evidence before the trial court that for many years he had not lived a law-abiding life. In light of that evidence, we cannot find Leek's sentence inappropriate on the ground he has no criminal history. *See Newsome v. State*, 797 N.E.2d 293, 300 (Ind. Ct. App. 2003) (repeated molestations occurring over a period of time can support maximum sentence enhancement), *trans. denied*.

## Conclusion

[18] Admission of the State's 404(b) evidence was not fundamental error, the State presented sufficient evidence of Leek's age, and Leek's sentence was neither inappropriate nor an abuse of discretion. We accordingly affirm.

[19] Affirmed.

Crone, J., and Bradford, J., concur.