## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2019, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew Michaloski
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffery Newton Higman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 31, 2019

Court of Appeals Case No.
18A-CR-2687

Appeal from the Tippecanoe Superior Court

The Honorable Steven P. Meyer, Judge

Trial Court Cause No.
79D02-1803-F5-49

**Pyle, Judge.**

# Statement of the Case

Jeffery Higman ("Higman") appeals the six-year sentence imposed after he pleaded guilty to Level 5 felony operating a motor vehicle while driving privileges are forfeited for life[1] and Class A misdemeanor operating a vehicle with an alcohol concentration equivalent to at least .15.[2]  He argues that the trial court abused its discretion in sentencing him.  Concluding that the trial court did not abuse its discretion, we affirm Higman's sentence.

We affirm.

# Issue

Whether the trial court abused its discretion in sentencing Higman.

# Facts

In September 2018, fifty-three-year-old Higman pled guilty pursuant to a plea agreement to Level 5 felony operating a motor vehicle while his driving privileges were suspended for life and Class A misdemeanor operating a vehicle with an alcohol concentration equivalent to at least .15.  At the guilty plea hearing, the trial court explained to Higman that it could choose to order his sentences to run "consecutive, that means the Court could order that you first

---

[1] IND. CODE § 9-30-10-17.

[2] I.C. § 9-30-5-1.

do a sentence for Count one, followed by the sentence for Count two, consecutive, which means one after another," and Higman stated that he understood. (Tr. Vol. 2 at 12).

[2] The following month, the trial court held a sentencing hearing. The presentence investigation report included seven pages detailing Higman's extensive criminal history. Specifically, Higman has multiple misdemeanor convictions, including three for operating while intoxicated, two for resisting law enforcement, and one each for possession of a firearm, operating a vehicle with a Schedule 1or 2 controlled substance or its metabolite, battery and public intoxication. Higman also has multiple felony convictions, including three for operating while intoxicated with a prior conviction, three for being an habitual traffic violator, two for receiving stolen property, and one each for criminal recklessness while armed with a deadly weapon, obstruction of justice/destroying evidence, resisting law enforcement, and possession of methamphetamine. Higman has twice been adjudicated to be an habitual substance offender and once adjudicated to be an habitual offender. He has had ten probation violation petitions filed against him, and while he was out on bond in the current case, he committed another felony.

[3] Also at the hearing, Higman asked the trial court to consider the following mitigating factors: (1) his guilty plea and acceptance of responsibility in this case; (2) his history of mental health issues and physical problems relating to an assault over ten years ago; and (3) his cooperation with law enforcement when arrested in this case. The State argued that "the big aggravator in this case

[was] the criminal history." (Tr. Vol. 2 at 32). The State further pointed out that the police had reported that Higman's attitude was hostile during the arrest in this case and that although he said he had only drunk two beers, his blood alcohol level was .176, which is twice the legal limit.

[4] After hearing Higman's and the State's arguments, the trial court found the following aggravating factors: (1) Higman's criminal history, which did not "speak well . . . of [his] conduct or [his] attitude toward probation or [his] willingness to follow the rules[;]" and (2) the danger to the community when Higman was driving while under the influence of alcohol. (Tr. Vol. 2 at 39). The trial court also found Higman's guilty plea and mental health to be mitigating factors. The trial court sentenced Higman to five (5) years for the Level 5 felony and one (1) year for the Class A misdemeanor. The trial court further ordered the sentences to run consecutively to each other for a total sentence of six (6) years, with four (4) years executed and two (2) years on probation.

# Decision

[5] Higman argues that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is in the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial

court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[6] Here, Higman first contends that the trial court abused its discretion when it ordered his two sentences to run consecutively to each other. At the outset, we note that Higman understood the possibility of consecutive sentences. We now turn to the substance of Higman's argument that he "should not receive consecutive sentences for a single act." (Higman's Br. 13). Higman, however, committed two separate and distinct crimes involving conduct prohibited by two different statutes. First, Higman violated INDIANA CODE § 9-30-10-17 when he operated a motor vehicle after his driving privileges had been forfeited for life. He also violated INDIANA CODE § 9-30-5-1 when he operated a vehicle with an alcohol concentration equivalent to at least .15. "The basis for the gross impact that consecutive sentences may have is the moral principle that each separate and distinct criminal act deserves a separately experienced punishment." *Hart v. State*, 829 N.E.2d 541, 545 (Ind. Ct. App. 2005). The trial court did not abuse its discretion in ordering Higman's two sentences to run consecutively to each other.

[7] Higman further contends that the trial court abused its discretion because it failed to find undue hardship to "his fiancé, who was significantly ill, with both

severe mental and physical disabilities" to be a mitigating factor. (Higman's Br. 14). However, Higman has waived appellate review of this factor because he failed to advance it for consideration in the trial court. *See Simms v. State*, 791 N.E.2d 225, 233 (Ind. Ct. App. 2003) (explaining that "[i]f the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the circumstance is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.")

[8] Waiver notwithstanding, a trial court has discretion to determine a factor is mitigating, and it is not required to explain why it does not find the defendant's proffered factor to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. Higman has done neither. The trial court did not abuse its discretion in sentencing Higman.[3]

---

[3] Higman also appears to argue that his sentence is inappropriate. However, he has waived appellate review of this argument because his brief, conclusory reference to the word "inappropriate" in the conclusion of his appellate brief is supported neither by citation to authority nor cogent argument. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*. Waiver notwithstanding, Higman's six-year sentence is not inappropriate.

[9]    Affirmed.

Riley, J., and Bailey, J., concur.