## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2020, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lewis James Martin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 14, 2020<br><br>Court of Appeals Case No.<br>20A-CR-348<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable David Happe, Judge<br><br>Trial Court Cause No.<br>48C04-1807-F2-1836 |

**May, Judge.**

[1] Lewis James Martin a/k/a Andolian Juan Ochoa-Napraja appeals his aggregate twenty-four year sentence following his convictions of Level 2 felony

conspiracy to commit dealing in a narcotic drug,[1] Level 3 felony dealing in methamphetamine,[2] two counts of Level 3 felony dealing in a narcotic drug,[3] and Level 4 felony dealing in a narcotic drug.[4] He raises two issues on appeal, which we revise and restate as: (1) whether the trial court abused its discretion in imposing Martin's sentence by considering improper aggravating factors and omitting a mitigating factor supported by the record; and (2) whether Martin's aggregate sentence is inappropriate given the nature of his offenses and his character. We affirm.

# Facts and Procedural History

[2] In June and July of 2018, the Madison County Drug Task Force used confidential informants to conduct a series of four controlled-buy operations targeting Martin. On June 20, 2018, Martin agreed to deliver six grams of heroin to a confidential informant in exchange for $600.00, and he delivered a substance purported to be heroin to the confidential informant. On June 27, 2018, Martin agreed to deliver five grams of heroin to a confidential informant in exchange for $500.00, and he subsequently delivered a substance to the confidential informant. Similarly, on July 5, 2018, Martin agreed to sell five

---

[1] Ind. Code § 35-48-4-1(a)(1)(c), Ind. Code § 35-48-4-1(e)(3), & Ind. Code § 35-41-5-2.

[2] Ind. Code § 35-48-4-1.1.

[3] Ind. Code § 35-48-4-1(a)(1)(C) & Ind. Code § 35-48-4-1(d)(1).

[4] Ind. Code § 35-48-4-1(a)(1)(C) & Ind. Code § 35-48-4-1(c)(1).

grams of heroin to a confidential informant for $400, and he delivered a substance to the confidential informant. In each of these three controlled-buy operations, Martin delivered fentanyl to the confidential informants rather than heroin. On July 18, 2018, Martin sold approximately six-and-one-half grams of methamphetamine to a confidential informant.

[3] Police arrested Martin in Detroit, Michigan, on August 3, 2018, and he was later extradited to Indiana. The State initially charged Martin with Level 2 felony dealing in a narcotic drug and Level 3 felony dealing in methamphetamine.[5] The State later amended the charging information to convert the Level 2 dealing in a narcotic drug charge to a Level 2 felony conspiracy to commit dealing in a narcotic drug charge, and the State added two counts of Level 3 felony dealing in a narcotic drug and one count of Level 4 felony dealing in a narcotic drug. Martin moved for a reduction in his bond, and the trial court held a hearing on Martin's motion on May 28, 2019. At the hearing, Martin acknowledged that he was on parole from federal charges in Michigan when he was arrested in the instant case. He explained the federal charges stemmed from his robbery of an armored car. He described himself as a former "King Pin" and explained that he used the proceeds from the robbery

---

[5] The State also filed a notice of intent to file a habitual offender sentence enhancement pursuant to Indiana Code section 35-50-2-8, but the State later moved to dismiss the habitual offender count after determining Martin did not qualify for the habitual offender enhancement.

to finance his drug dealing operation. (Tr. Vol. II at 22.) The court subsequently denied Martin's motion for a bond reduction.

[4] The court held a change of plea hearing on November 22, 2019, but the court refused to accept Martin's guilty plea after he contested the factual basis given by the State. The court held a second change of plea hearing on November 27, 2019, and the court accepted Martin's guilty plea at that hearing. The court held a sentencing hearing on January 14, 2020. Martin's Pre-Sentence Investigation report indicated multiple previous felony convictions, including armed robbery, bank robbery, and discharging a firearm during a federal crime of violence. Martin testified that all of these convictions stemmed from a single incident, his robbery of the armored car, but some of the charges were brought against him in Michigan state court and other charges were brought against him in federal court. Martin also testified that his father was Pablo Escobar's right-hand man and that Martin receives royalties from a book he self-published in 2015. Martin described the book as a memoir depicting his drug-dealing lifestyle, his attempt to leave that lifestyle behind, and "people pulling [him] back into it." (*Id*. at 138.)

[5] The court sentenced Martin to a term of twenty-four years in the Indiana Department of Correction on the Level 2 felony conspiracy to commit dealing in a narcotic drug. The court also sentenced Martin to a term of fifteen years on each of his Level 3 felony dealing in a narcotic drug convictions, fifteen years on his Level 3 felony dealing in methamphetamine conviction and eight years on his Level 4 felony dealing in a narcotic drug conviction. The court ordered

Martin to serve the sentences concurrently, for an aggregate term of twenty-four years. In pronouncing sentence, the court noted Madison County had been "very hard hit" by crime, overdoses, and other problems stemming from illegal drug use in the community. (*Id.* at 157.) The court listed Martin's prior criminal history, his history of uncharged criminal activity, and his being under court supervision at the time of the instant offenses as aggravating factors. The court did credit Martin's decision to accept responsibility and plead guilty as a mitigating factor, but the court found the aggravating factors heavily outweighed that mitigating factor.

# Discussion and Decision

## I. Abuse of Discretion

[6] Sentencing decisions rest within the sound discretion of the trial court, and we review such decisions for an abuse of discretion. *Hudson v. State*, 135 N.E.3d 973, 979 (Ind. Ct. App. 2019). "An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* For example, a trial court may abuse its discretion by:

> (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law.

*Id*. "In cases where the trial court has abused its discretion, we will remand for resentencing only 'if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.'" *Bryant v. State*, 959 N.E.2d 315, 322 (Ind. Ct. App. 2011) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007)).

[7] Martin argues the trial court considered an impermissible aggravating factor when it pointed to Martin's description of drug dealing in his book as evidence of uncharged criminal conduct. A trial court may consider uncharged criminal conduct by the defendant in imposing sentence. *Carter v. State*, 771 N.E.2d 835, 840 (Ind. 1999). While Martin's book was not introduced into evidence, Martin testified that the book included descriptions of past drug dealing, and he commented about his past success as a drug dealer during the hearing on his motion for a bond reduction. As the trial court explained during sentencing, "The defendant has acknowledged, yeah, I was a dealer. So he didn't just become a dealer when he came to Anderson, this was a way of life for him that he had known from before, that he continued here." (Tr. Vol. II at 158.) Therefore, the trial court did not abuse its discretion in considering Martin's uncharged criminal conduct as an aggravating factor in imposing sentence. *See Carter*, 771 N.E.2d at 840 (holding "the trial court did not abuse its discretion in considering Carter's attempted molestation of his sister as an aggravating circumstance").

[8] Martin also contends the trial court impermissibly took an element of the dealing offense itself and used it as an aggravating factor. An advisory sentence represents the legislature's assessment of the appropriate punishment for the typical version of an offense, *Anglemyer*, 868 N.E.2d at 494, and drug dealing is inherently an offense against society. *See Illegal Drug*, Black's Law Dictionary (11th ed. 2019) ("A drug whose toxicity or side-effects outweigh its therapeutic usefulness (if any), making it necessary to protect the public health and welfare by outlawing its manufacture, export, import, distribution, possession, or use.").

[9] However, we disagree with Martin's assertion that the trial court considered the societal harms caused by drugs as an aggravating factor in imposing sentence. The trial court did comment on the societal harms that drugs cause, but the trial court did so in an effort to illustrate why "the Legislature treats this kind of conduct so seriously." (Tr. Vol. II at 156.) The court did not specifically identify the societal harms caused by drugs as an aggravating factor in its oral sentencing statement, nor did the trial court list them among the aggravating factors in its sentencing order. (App. Vol. II at 19) ("Court finds aggravation: 1) Prior criminal history; 2) Uncharged criminal conduct; 3) Violated court supervision."). Further, even if the trial court relied on an improper aggravating factor, that "does not invalidate the sentence if other valid aggravators exist and the invalid aggravator did not play a significant role in the trial court's decision." *Hart v. State*, 829 N.E.2d 541, 543-544 (Ind. Ct. App. 2005). In the case at bar, the three aggravating factors listed in the trial court's

sentencing order support an aggravated sentence. *See Scott v. State*, 840 N.E.2d 376, 384 (Ind. Ct. App. 2006) (affirming defendant's sentence and explaining "we can state with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances"), *trans. denied*.

[10] At his sentencing hearing, Martin stated, "I apologize for my actions" (Tr. Vol. II at 132), and he argues on appeal that the trial court abused its discretion by not addressing this expression of remorse in its sentencing statement. The trial court is not required to accept the defendant's arguments regarding what constitutes a mitigating factor or assign proposed mitigating factors the same weight as the defendant. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). "The trial court is not obligated to explain why it did not find a factor to be significantly mitigating." *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001). We have previously observed that a "trial court's determination of a defendant's remorse is similar to its determination of credibility: without evidence of some impermissible consideration by the trial court, we accept its decision." *Sandleben v. State*, 29 N.E.3d 126, 136 (Ind. Ct. App. 2015), *trans. denied*. We hold that the trial court did not abuse its discretion by not addressing Martin's apology because it was not required to do so, and there is no evidence the trial court relied on some impermissible consideration to discount Martin's expression of remorse. *See id.* (holding trial court did not abuse its discretion by failing to consider defendant's alleged remorse as a mitigating factor).

# II. Inappropriateness of Sentence

[11]    We evaluate inappropriate sentence claims using a well-settled standard of review.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. R. 7(B). Our role in reviewing a sentence pursuant to Appellate Rule 7(B) "should be to attempt to leaven the outliers, and identify some guiding principles for the trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "The defendant bears the burden of persuading this court that his or her sentence is inappropriate." *Kunberger v. State*, 46 N.E.3d 966, 972 (Ind. Ct. App. 2015). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

*Belcher v. State*, 138 N.E.3d 318, 328 (Ind. Ct. App. 2019), *trans. denied*.

[12]    When considering the nature of the offense, we first look to the advisory sentence for the crime. *Anglemyer*, 868 N.E.2d at 494. A Level 2 felony is punishable by imprisonment for a term between ten years and thirty years, with the advisory sentence being seventeen and one-half years. Ind. Code § 35-50-2-4.5. A Level 3 felony carries a penalty of between three years and sixteen years in prison, with the advisory sentence being nine years. Ind. Code § 35-50-2-5. The court may sentence a person convicted of a Level 4 felony to a term of

imprisonment between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5.

[13] Martin argues his crimes were not "remarkable or particularly egregious." (Appellant's Br. at 14.) However, we disagree. Martin did not commit himself to rehabilitation following his incarceration in Michigan. Instead, he committed the instant offenses. Martin sold drugs to confidential informants multiple times throughout the course of the investigation. He also sold larger quantities of illegal drugs than necessary to satisfy the elements of the charged offenses. For example, Martin sold 6.53 grams of methamphetamine when Indiana Code section 35-48-4-1.1 requires the defendant sell only five grams of methamphetamine to be found guilty of Level 3 felony dealing in methamphetamine.

[14] Regarding Martin's character, we look at his criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). "The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Id*. Martin had been convicted of multiple crimes before committing the instant offenses. He served over a decade in the Michigan prison system for armed robbery, and he was convicted in federal court of bank robbery and discharging a firearm during a federal crime of violence. In fact, Martin was on parole for those crimes when he committed the instant offenses. Martin had also been charged in Michigan with several offenses, including assault on a prison employee and escape, with the charges later being dismissed. *See Harlan v. State*, 971 N.E.2d 163, 170 (Ind. Ct. App.

2012) ("Allegations of prior criminal activity need not be reduced to conviction before they may be properly considered as aggravating circumstances by a sentencing court."). Therefore, we hold Martin's sentence is not inappropriate given the nature of his offenses and his character. *See Reis v. State*, 88 N.E.3d 1099, 1106 (Ind. Ct. App. 2017) (holding sentence not inappropriate given defendant's lengthy criminal history and nature of his crimes).

# Conclusion

[15] The trial court did not abuse its discretion by considering uncharged criminal conduct Martin described in his book as an aggravating factor in imposing sentence. The trial court also did not abuse its discretion by failing to credit Martin's expression of remorse as a mitigating factor. Martin's violent criminal history, commission of the instant offenses while under court supervision, and continued drug dealing demonstrate his sentence is not inappropriate. Therefore, we affirm the trial court.

[16] Affirmed.

Riley, J., and Altice, J., concur.